UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

QUINCY DUNMORE,

        Plaintiff,

   -against-             COMPLAINT

THE CITY OF NEW YORK , THE NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE NICHOLAS
PILIOURAS (Shield # 6772),individually and in his official
capacity, DETECTIVE ROBERT STEWART
(Shield unknown),individually and in his official capacity,
and POLICE OFFICER WILLIAM COYLE (Shield # 8248),
individually and in his official capacity, DETECTIVE
FONTANEZ(first name and shield unknown), individually
and in his official capacity,        JURY TRIAL
                      DEMANDED

          Defendants.

-------------------------------------------------------------------X

    Plaintiff, QUINCY DUNMORE, by his attorneys RUSSO, DARNELL & LODATO,

LLP, as and for this complaint respectfully alleges as follows:

## NATURE OF THE ACTION

    1.    This is an action for deprivations of Plaintiff's civil rights, committed by the

Defendants while acting in concert and under color of state law, of Plaintiff's right liberties

and immunities as guaranteed to him by reason of the Fourth, and Fourteenth Amendments to

the United States Constitution.  This Court is authorized to grant the Plaintiff relief under 42

U.S.C. §§ 1983 and 1988.

## JURISDICTION

    2.    Jurisdiction in this matter is invoked in accordance with 28 U.S.C. §1331 and

28 U.S.C. §1367.  Plaintiff further invokes the supplemental jurisdiction of the Court to hear

and decide claims arising out of the pendant state claims pursuant to 28 U.S.C. §1376(a).

## VENUE

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C.

§1391(b) since all of the events and omissions giving rise to the Plaintiff's claims occurred

within New York County; the actual place of employ of all of the individual Police Officers is

New York County in the Southern District of New York, and the borough of New York

County is within the jurisdiction of the Defendant, City of New York.  The locale of all of the

pertinent events surrounding this lawsuit is New York County in the Southern District of New

York.  Additionally, Plaintiff resides within the County of New York in the Southern District

of New York.

## THE PARTIES

4.      The Plaintiff, QUINCY DUNMORE (hereinafter referred to as  "DUNMORE)

is a resident of the United States who lives within the Southern District of New York.

5.      Upon information and belief, at all relevant times described herein the

Defendant, THE CITY OF NEW YORK (hereinafter referred to as "THE CITY") was and

continues to be a municipal corporation organized and existing by virtue of the laws of the

State of New York.

6.      Upon information and belief, at all relevant times described herein, Defendant,

THE CITY, by its agents and/or employees operated, maintained and controlled THE NEW

YORK CITY POLICE DEPARTMENT, (hereinafter referred to as "NYPD") including all

police officers thereof.

7.      Upon information and belief, at all relevant times described herein, the NYPD

was and continues to be an agency of the Defendant, THE CITY.

8.      Upon information and belief, at all relevant times described herein, DETECTIVE NICHOLAS PILIOURAS (hereinafter referred to as "PILIOURAS"), is an individual and employee of the NYPD, with the 28th precinct, with an actual place of employ within the City of New York, State of New York.

9.      Upon information and belief, at all relevant times described herein, Defendant PILIOURAS was acting within the scope of his employ as a City of New York police detective.

10.     Upon information and belief, at all relevant times described herein, DETECTIVE ROBERT STEWART (hereinafter referred to as "STEWART"), is an individual and employee of the NYPD, with the 28th precinct, with an actual place of employ within the City of New York, State of New York.

11.     Upon information and belief, at all relevant times described herein, Defendant STEWART was acting within the scope of his employ as City of New York police detective.

12.     Upon information and belief, at all relevant times described herein, POLICE OFFICER WILLIAM COYLE (hereinafter referred to as "COYLE"), is an individual and employee of the NYPD, with the 28th precinct, with an actual place of employ within the City of New York, State of New York.

13.     Upon information and belief, at all relevant times described herein, Defendant COYLE was acting within the scope of his employ as City of New York police officer.

14.     Upon information and belief, at all relevant times described herein, DETECTIVE FONTANEZ (hereinafter referred to as "FONTANEZ"), is an individual and employee of the NYPD, with the 28th precinct, with an actual place of employ within the City of New York, State of New York.

15.    Upon information and belief, at all relevant times described herein, Defendant FONTANEZ was acting within the scope of his employ as City of New York police detective.

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

16.    On or about May 4, 2006, at approximately 11:15 a.m., Plaintiff, DUNMORE, was a lawful pedestrian in 20-23 Morningside Avenue, in the County of New York, the State of New York, when he was approached by Police Officers employed by defendant NYPD including defendants PILIOURAS, STEWART, COYLE and FONTANEZ who pointed a gun at DUNMORE'S head, forced him into a vehicle, detained him at the 28th precinct and who falsely arrested DUNMORE, subjected him to excessive force, and conducted an unconstitutional search of his person.

17.    Defendants NYPD, PILIOURAS, STEWART, COYLE and FONTANEZ, had no reasonable suspicion upon which to base any detention or questioning of Plaintiff.

18.    Defendants NYPD, PILIOURAS ,STEWART, COYLE and FONTANEZ, had no probable cause upon which to base any detention or questioning of Plaintiff.

19.    Plaintiff was arrested by Defendants NYPD, PILIOURAS, STEWART, COYLE and FONTANEZ.

20.    Defendants had no probable cause for this arrest

21.    Defendant had no arrest warrant for this arrest.

22.    Defendant had no legal authority whatsoever to effectuate this arrest.

23.    The arrest of Plaintiff by the Defendants was unlawful.

24.    Prior to, during, and subsequent to this arrest, Plaintiff was jostled and assaulted by police officer members of NYPD.

25.     During this arrest, Plaintiff's person was unlawfully searched by Defendants NYPD, PILIOURAS, STEWART, COYLE and FONTANEZ.

26.     These searches were conducted without Plaintiff's consent, without probable cause and without a warrant.

27.     Thereafter Defendants caused Plaintiff to be imprisoned within the confines of the New York City Police Department and at Rikers Island, Bronx, New York from May 4, 2006 until March 8, 2007.

28.     Upon information and belief, the Defendants executed certain accusatory instruments against Plaintiff, resulting in the commencement of a criminal prosecution.

29.     There was no probable cause or reasonable suspicion to commence any such criminal prosecution.

30.     Upon information and belief, at a Court hearing, the plaintiff was released from confinement on March 8, 2007 with the criminal prosecution continuing.

31.     Upon information and belief, at a court hearing the charges against plaintiff were dismissed and the criminal prosecution ended on December 14, 2007.

32.     Pursuant to the New York State General Municipal Law, Plaintiff served a Notice of Claim upon THE CITY on or about January 30, 2008 (within the 90 day statutory period), giving Notice of these claims to the extent required by Law.

33.     Pursuant to Section 50-h of the New York State General Municipal Law, Plaintiff DUNMORE appeared for a hearing that was conducted on behalf of THE CITY, on May 28, 2008.

34.     Over thirty days (30) has since expired without THE CITY remedying, settling or adjusting this claim.

35.    That this action is commenced within all applicable statutory limitations.

### AS AND FOR PLAINTIFF'S
### FIRST CLAIM FOR RELIEF FOR FALSE ARREST (1983)
### AGAINST NYPD PILIOURAS STEWART COYLE AND FONTANEZ

36.    Plaintiff DUNMORE repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

37.    The arrest of DUNMORE by the defendants, NYPD, PILIOURAS,STEWART, COYLE AND FONTANEZ, was conducted under color of state law within the purview of 42 U.S.C. Section 1983; and DUNMORE has suffered damages therefrom.

38.    The detention of Plaintiff without probable cause and without an arrest warrant was an abuse of power, constituted a seizure within the meaning of the Fourth Amendment and deprived plaintiff of his liberty.

39.    The seizure and deprivation of his liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

40.    The actions of the Defendants, NYPD, PILIOURAS, STEWART, COYLE and FONTANEZ, were intentionally, recklessly and/or negligently done to intimidate and did cause emotional distress to the Plaintiff, DUNMORE.

41.    As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, lost his freedom,   was caused to incur associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than THREE MILLION

DOLLARS ($3,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR PLAINTIFF'S
## SECOND CLAIM FOR RELIEF FOR EXCESSIVE FORCE (1983)
## AGAINST NYPD, PILIOURAS STEWART  COYLE AND FONTANEZ

42.    Plaintiff DUNMORE repeats and realleges each and every allegation contained

in those paragraphs of the complaint marked and numbered previously with the same force and

effect as if more fully set forth a length herein.

43.    Defendant, NYPD through their police officer employees used unreasonable

force throughout the arrest of  DUNMORE.

44.    Defendants, with willful and malicious intent, pushed, assaulted and struck

plaintiff and struck the Plaintiff and pressed a gun to his head.

45.    The actions of the defendants were intentionally, recklessly and/or negligently

done to intimidate and did cause physical and emotional distress to the plaintiff, DUNMORE.

46.    The excessive force used in the arrest conducted by NYPD was conducted

under color of state law within the purview of 42 U.S.C. § 1983, and DUNMORE has suffered

damages therefrom.

47.    The excessive force used in the arrest was an abuse of power, constituted a

seizure within the meaning of the Fourth Amendment and deprived Plaintiff of his liberty.

The seizure and deprivation of his liberty was unreasonable and without due process of law, in

violation of the Fourth and Fourteenth Amendments of the United States Constitution.

48.    As a proximate result of Defendants' intentional and malicious actions,

Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees,

associated legal expenses and other special damages, and has suffered great pain and mental

anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than THREE

MILLION DOLLARS ($3,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR PLAINTIFF'S
### THIRD CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION (1983)
### AGAINST NYPD, PILIOURAS STEWART COYLE AND FONTANEZ

49.     Plaintiff, DUNMORE, repeats and realleges each and every allegation

contained in those paragraphs of the complaint marked and numbered previously with the

same force and effect as if more fully set forth at length herein.

50.     The actions of Defendants, NYPD, PILIOURAS, STEWART, COYLE and

FONTANEZ, were intentionally, recklessly and/or negligently done to intimidate and did

cause emotional distress to Plaintiff, DUNMORE.

51.     The institution and continuation of criminal charges by Defendants, NYPD,

PILIOURAS, STEWART,  COYLE and FONTANEZ,  was conducted under color of state

law within the purview of 42 U.S.C. § 1983 and DUNMORE has suffered damages therefrom.

52.     The malicious institution and continuation of false criminal proceedings against

Plaintiff as described above deprived Plaintiff of his rights and immunities secured to him

under the Constitution and laws of the United States including, but not limited to, his rights

under the Fourteenth Amendment to be secure in his person, to be free from punishment

without due process and to equal protection of the laws.

53.     As a proximate result of Defendant's intentional and malicious actions,

Plaintiff was greatly humiliated, injured in his reputation, was deprived of his freedom, caused

to incur attorneys' fees, associated legal expenses and other special damages, and has suffered

great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than

THREE MILLION DOLLARS ($3,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR PLAINTIFF'S**
**FOURTH CLAIM FOR RELIEF FOR UNLAWFUL SEARCH AND SEIZURE (1983)**
**AGAINST NYPD, PILIOURAS STEWART COYLE AND FONTANEZ**

54.    Plaintiff, DUNMORE, repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

55.    Under the Fourth and Fourteenth Amendments to the Constitution, the Plaintiff has the vested right to be free from unreasonable searches and seizures.

56.    On the date at issue, however, the Defendants, NYPD, PILIOURAS STEWART, COYLE and FONTANEZ, did violate Plaintiff's constitutionally protected right to be free from unlawful searches and seizure.

57.    The search and seizure of Plaintiff's person and vehicle was conducted and continued without a search warrant or any circumstances that would make such a search lawful.

58.    The search and seizure conducted by Defendants, NYPD, PILIOURAS STEWART, COYLE and FONTANEZ, was conducted under color of state law within the purview of 42 U.S.C. § 1983; and DUNMORE has suffered damages therefrom.

59.    As a proximate result of Defendant's intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, was deprived of his freedom, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than THREE MILLION DOLLARS ($3,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR PLAINTIFF'S
## FIFTH CLAIM FOR RELIEF AGAINST
## THE CITY THE NYPD (MONELL CLAIM)

60.     Plaintiff, DUNMORE, repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

61.     The NYPD is an agency operated and controlled by the Defendant, THE CITY.

62.     Upon information and belief, it was the custom, policy and practice of THE CITY and THE NYPD to tolerate, condone, an encourage constitutional violations, such as those alleged against DUNMORE, by failing to properly punish, charge, reprimand, and investigate allegations and incidents of police misconduct.

63.     Member of the New York City Police Department, such as defendants PILIOURAS, STEWART, COYLE and FONTANEZ, were aware at all times alleged in this complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

64.     By failing to supervise, train and reprimand such officers, THE CITY and THE NYPD caused the injuries to DUNMORE through the actions and inactions of defendants PILIOURAS, STEWART, COYLE and FONTANEZ.

65.     Upon information and belief, it was the custom, policy and practice of THE CITY to authorize and permit certain police officers, including defendants, PILIOURAS STEWART, COYLE and FONTANEZ to physically strike and attack plaintiff, and to arrest and prosecute plaintiff without following leads or investigating, and, to cause the search and seizure of the person of Plaintiff, DUNMORE, despite the lack of a warrant or any other justification that would justify the search and seizure.

66.    Upon information and belief, this custom, policy and practice of THE CITY to encourage and cause constitutional violations by the police officers employed by THE CITY, including the violations of DUNMORE'S constitutional rights by Defendants, PILIOURAS, STEWART, COYLE and FONTANEZ.

67.    THE CITY'S failure to take action against the Police Officers involved in this incident and in other similar incidents was part of a custom, practice and procedure of neglect and deliberate indifference that directly caused the injuries to DUNMORE.

68.    As authorized representatives of Defendant, THE CITY and the NYPD police officers conduct arrests using unnecessary and excessive force, searches and seizure of persons arrested, such as the Plaintiff, DUNMORE, constituted a custom, policy and policies which renders the Defendants, THE CITY and the NYPD, liable to DUNMORE as a "Person" acting under the color of state law.

69.    These customs, policies and practices were enforced by the Defendants, STEWART, COYLE and FONTANEZ,  and were the moving force, proximate cause, or affirmative link behind the conduct causing DUNMORE'S injuries.

70.    THE CITY and the NYPD are therefore liable for violations of DUNMORE'S constitutional rights as caused by Defendants, PILIOURAS, STEWART, COYLE and FONTANEZ, as described in more detail in the foregoing paragraphs; and DUNMORE has suffered damages therefrom.

71.    As a proximate result of Defendant's customs, policies and practices for creating an environment that tolerates, encourages, and condones such constitutional violations, Plaintiff was greatly humiliated, injured in his reputation, was deprived of his freedom, caused to incur attorneys' fees, associated legal expenses and other special damages,

and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than THREE MILLION DOLLARS ($3,000,000.00), plus attorney's fees.

### AS AND FOR PLAINTIFF'S
### SIXTH CLAIM FOR RELIEF FOR FALSE ARREST (PENDENT)
### AGAINST PILIOURAS STEWART COYLE AND FONTANEZ

72.    Plaintiff DUNMORE repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

73.    Without identifying themselves as Police Officers and without a search warrant, NYPD Police Officers, PILIOURAS STEWART, COYLE and FONTANEZ, attempted to arrest DUNMORE.

74.    DUNMORE'S ability to move was intentionally restricted by NYPD Police Officers, PILIOURAS, STEWART, COYLE and FONTANEZ.

75.    DUNMORE was physically restrained by NYPD Police Officers, PILIOURAS, STEWART, COYLE and FONTANEZ, and handcuffs were placed on Plaintiff's person.

76.    DUNMORE was conscious of his confinement and he did not consent to this confinement.

77.    DUNMORE was arrested without probable cause that he had committed any crime, nor was his confinement by defendants otherwise privileged.

78.    Because of Defendant's lack of reasonable suspicion, probable cause, an arrest warrant, or any other valid legal reason to effectuate the arrest of Plaintiff, this arrest and the actions of the Defendants', NYPD Police Officers, PILIOURAS, STEWART, COYLE and FONTANEZ, amounted to a false arrest and imprisonment.

79.    At all times mentioned, the Defendants, NYPD Police Officer, PILIOURAS,

STEWART, COYLE and FONTANEZ were acting within the scope of their employment as New York City Police Officers.

80.    At all times mentioned, the Defendants, NYPD Police Officers, PILIOURAS, STEWART, COYLE and FONTANEZ, were employed by the Defendants THE CITY and the NYPD.

81.    The actions of the Defendants, NYPD Police Officers, PILIOURAS, STEWART, COYLE and FONTANEZ, which were preformed within there scope of employment, creates liability against the Defendants THE CITY and the NYPD under New York State Law.

82.    Consequently, the Defendants, THE CITY and the NYPD, are liable under respondent superior for the actions of their employees.

83.    The Defendants', NYPD Police Officers, PILIOURAS, STEWART, COYLE and  FONTANEZ' actions were intentionally, recklessly and/or negligently done to intimidate and did cause emotional distress to the Plaintiff, DUNMORE.

84.    As a proximate result of Defendant's intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, was deprived of his freedom, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than THREE MILLION DOLLARS ($3,000,000.00), plus punitive damages.

### AS AND FOR PLAINTIFF'S
### SEVENTH CLAIM FOR RELIEF FOR ASSAULT AND BATTERY (PENDENT) AGAINST PILIOURAS STEWART, COYLE AND FONTANEZ , THE NPD AND THE CITY

85.    Plaintiff DUNMORE repeats and realleges each and every allegation contained

in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

86.    The aforestated actions of the defendants NYPD Police Officers, PILIOURAS STEWART, COYLE and FONTANEZ, amounted to an assault and battery of Plaintiff.

87.    As a result of the aforementioned actions of the Defendants, Plaintiff suffered physical and emotional injuries, including but not limited to various bruises about his face, head, legs, arms and body.  Plaintiff continues to have symptomatic problems including pain as well as having anxiety and panic attacks coupled with difficulty sleeping at night.

88.    The Defendants', NYPD Police Officers, PILIOURAS, STEWART, COYLE and FONTANEZ, actions were intentionally, recklessly and/or negligently done to intimidate and did cause physical pain and emotional distress to the Plaintiff, DUNMORE.

89.    At all times mentioned, the Defendants, NYPD Police Officers, PILIOURAS, STEWART,  COYLE and FONTANEZ, were acting within the scope of their employment as New York City Police Officers.

90.    At all times mentioned, the Defendants, NYPD Police Offiders, PILIOURAS, STEWART, COYLE and FONTANEZ, were employed by the Defendants THE CITY and the NYPD.

91.    The actions of the Defendants, NYPD Police Officers, PILIOURAS, STEWART, COYLE and FONTANEZ, which were preformed within there scope of employment, creates liability against the Defendants THE CITY and the NYPD under New York State Law.

92.    Consequently, the Defendants, THE CITY and the NYPD, are liable under respondent superior for the actions of their employees.

93.    As a proximate result of Defendant's intentional and malicious actions, Plaintiff was caused to suffered great physical and mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than THREE MILLION DOLLARS ($3,000,000.00), plus punitive damages.

## AS AND FOR PLAINTIFF'S
## EIGHTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION
## (PENDENT)
## AGAINST PILIOURAS STEWART, COYLE AND FONTANEZ, THE NYPD
## AND THE CITY

94.    Plaintiff, DUNMORE, repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

95.    Upon information and belief, defendants commenced accusatory instruments instituted a false criminal proceedings against Plaintiff, charging him criminally even though it was clear that Defendants, PILIOURAS,  STEWART, COYLE and  FONTANEZ, improperly arrested Plaintiff in that they lacked the requisite probable cause to arrest Plaintiff.

96.    The evidence proffered by Defendants, NYPD, PILIOURAS, STEWART, COYLE and FONTANEZ, was legally  insufficient to sustain any criminal allegation, and all criminal charges were ultimately dismissed.

97.    The Defendants, NYPD, PILIOURAS, STEWART, COYLE and FONTANEZ, actions were intentionally, recklessly and/or negligently done to intimidate and did cause emotional distress to Plaintiff, DUNMORE.

98.    The Court dismissed the charges against plaintiff.

99.    These actions of the Defendants amounts to a malicious prosecution.

100.    At all times mentioned, the Defendants PILIOURAS, STEWART, COYLE and

FONTANEZ, were acting within the scope of their employment as New York City Police Officers.

101.    At all times mentioned, the Defendants, PILIOURAS, STEWART, COYLE and FONTANEZ, were employed by the Defendants THE CITY and the NYPD.

102.    The actions of the Defendants, PILIOURAS, STEWART, COYLE and FONTANEZ, which were preformed within there scope of employment, creates liability against the Defendants THE CITY and the NYPD under New York State Law.

103.    As a proximate result of Defendant's intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than THREE MILLION DOLLARS ($3,000,000.00), plus punitive damages

## AS AND FOR PLAINTIFF'S
## NINTH CLAIM FOR RELIEF

104.    Plaintiff DUNMORE repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

105. On or about  May 4, 2006, detectives PILIOURAS, STEWART, COYLE and FONTANEZ, employed by the defendants THE CITY and NYPD while acting within the scope of employment as Police Officers, falsely arrested the plaintiff, DUNMORE.

106.    By reason and in consequence of said false arrest, plaintiff was thereafter falsely imprisoned at Rikers Island, County of Bronx, City and State of New York.

107.    That said false arrest was due wholly and solely through the fault and negligence

of the defendants without any fault or negligence of the plaintiff contributing thereto.

108.    This action falls within one or more exceptions set forth in CPLR Section 1602.

109.    That by reason of the foregoing circumstances, the plaintiff was damaged in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

### AS AND FOR PLAINTIFFS
### TENTH CLAIM FOR RELIEF

110.    Plaintiff, DUNMORE repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

111.    That as result of the aforesaid false arrest on May 4, 2006 the plaintiff was falsely imprisoned at Rikers Island, Bronx County, City and State of New York.

112.    That said false imprisonment was due wholly and solely through the fault and negligence of the defendants without any fault or negligence of the plaintiff contributing thereto.

113.    That by reason of the foregoing circumstances, the plaintiff was damaged in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

### AS AND FOR PLAINTIFFS
### ELEVENTH CLAIM FOR RELIEF

114.    Plaintiff, DUNMORE, repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

115.    That as a result of the aforesaid false arrest on May 4, 2006 the plaintiff was maliciously prosecuted.

116.    That as a result of the improper tactics and abuse of judicial process by the

defendants, that the plaintiff, DUNMORE, was maliciously prosecuted and falsely imprisoned.

117.    That this action falls within one or more exceptions set forth in CPLR Section 1602.

118.    That by reason of the foregoing circumstances, the plaintiff was damaged in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

**AS AND FOR PLAINTIFF'S**
**TWELFTH CLAIM FOR RELIEF AGAINST**
**THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT**
**FOR NEGLIGENT HIRING,**
**IMPROPER SUPERVISION AND IMPROPER RETENTION**

119.    Plaintiff DUNMORE, repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

120.    Defendants, PILIOURAS, STEWART, COYLE and FONTANEZ, are all Police Officers employed and hired by the Defendant, NYPD.

121.    The NYPD is an agency operated and controlled by the Defendant, THE CITY.

122.    Upon information and belief, it was the custom, policy and practice of THE CITY and the NYPD to hire certain police officers, including PILIOURAS, STEWART, COYLE and FONTANEZ without conducting the appropriate background check, investigations and psychological evaluations.

123.    Upon information and belief, it was the custom, policy and practice of THE CITY and the NYPD to conduct inadequate investigations of police officer candidates prior to hiring them, including defendants, PILIOURAS, STEWART, COYLE and FONTANEZ.

124.    Upon information and belief, it was the custom, policy and practice of THE CITY

and the NYPD to inadequately supervise the actions and conduct of police officers, including defendants, PILIOURAS, STEWART, COYLE and FONTANEZ.

125.    Upon information and belief, it was the custom, policy and practice of THE CITY and the NYPD to continue to employ police officers, including defendants PILIOURAS, STEWART, COYLE and FONTANEZ, after it is known that such officers consistently violate the constitutional rights of persons such as Plaintiff, DUNMORE.

126.    These customs, policies and practices were the moving force, proximate cause, or affirmative link behind the conduct causing DUNMORE'S injuries.

127.    THE CITY and the NYPD are therefore liable for violations of DUNMORE'S constitutional rights as caused by Defendants, NYPD Police Officers, PILIOURAS, STEWART, COYLE and FONTANEZ, as described in more detail in the foregoing paragraphs; and DUNMORE has suffered damages therefrom.

128.    As a proximate result of Defendant's customs, policies and practices for negligent hiring, improper supervision and improper retention of police officers, including PILIOURAS, STEWART, COYLE and FONTANEZ, Plaintiff was greatly humiliated, injured in his reputation, was deprived of his freedom, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than THREE MILLION DOLLARS ($3,000,000.00), plus attorney's fee.

PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief:

A.    Under the First Claim for Relief, in the amount of THREE MILLION ($3,000,000.00) DOLLARS plus punitive damages and attorney's fees.

B.    Under the Second Claim for Relief, in the amount of THREE MILLION ($3,000,000.00) DOLLARS plus punitive damages and attorney's fees.

C.    Under the Third Claim for Relief, in the amount of THREE MILLION ($3,000,000.00) DOLLARS plus punitive damages and attorney's fees.

D.    Under the Fourth Claim for Relief, in the amount of THREE MILLION ($3,000,000.00) DOLLARS plus and attorney's fees.

E.    Under the Fifth Claim for Relief, in the amount of THREE MILLION ($3,000,000.00) DOLLARS plus attorney's fees.

F.    Under the Sixth Claim for Relief, in the amount of THREE MILLION ($3,000,000.00) DOLLARS plus punitive damages.

G.    Under the Seventh Claim for Relief, in the amount of THREE MILLION ($3,000,000.00) DOLLARS plus punitive damages.

H.    Under the Eighth Claim for Relief, in the amount of THREE MILLION ($3,000,000.00) DOLLARS, plus punitive damages.

I.    Under the Ninth Claim for Relief, in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

J.    Under the Tenth Claim fo Relief, in the amount of THREE MILLION ($3,000,000.000) DOLLARS.

K.    Under the Eleventh Claim for Relief, in the amount of THREE MILLION

($3,000,000.00) DOLLARS.

      L.     Under the Twelfth Claim for Relief, in the amount of THREE MILLION

($3,000,000.00) DOLLARS.

Dated:      East Meadow, New York
             June 4, 2008

                        Respectfully Submitted

                        ADAM W. WEISS, ESQ.
                       RUSSO, DARNELL & LODATO, LLP
                        Attorney for Plaintiff
                       1975 Hempstead Turnpike Suite 401
                       East Meadow, NY 11554
                       (516) 794-1100